UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
                                                          :
JONELLE SALEMI,                                           :
                                                          :
                                    Plaintiff,            :
                                                          :            02 Civ. 6648 (GEL)
                v.                                        :
                                                          :       **OPINION AND ORDER**
BOCCADOR, INC., D/B/A RENE MANCINI, RENE                  :
MANCINI S.A., MOHAMMED ABDARI, AND JOHN                   :
DOES 1-5,                                                 :
                                                          :
                                    Defendants.           :
-------------------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

        Plaintiff in this employment discrimination case seeks extensive damages due to

psychological injury from alleged sexual harassment at her former place of employment and has

thus put her mental condition in issue.  She is scheduled to undergo a mental examination on

April 19 and 20, 2005.  Plaintiff raises three issues with respect to the proposed examination:  (1)

she seeks "[a]ssurance as to the independence of defendants' chosen examiner" (Joint Discovery

Dispute Letter of April 15, 2005, at 1); (2) she demands that her attorney be permitted to be

present at the examination; and (3) she asks that defendants bear the costs of her airfare and hotel

accommodations in traveling to New York for the examination.  Plaintiff's requests will be

denied.

        (1)  Rule 35(a) of the Federal Rules of Civil Procedure provides that the Court may order

a party whose "mental or physical condition . . . is in controversy" to undergo an examination "by

a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a).  The rule is silent about how the

examiner is to be chosen, but "[t]he usual attitude is that the moving party has no absolute right

to the choice of the physician."  8A Charles Alan Wright, Arthur R. Miller and Richard L.

Marcus, Federal Practice and Procedure ("Wright & Miller") §2234.2, at 485 (2d ed. 1994).  The

weight of authority, however, directs courts to defer to the moving party's selection, unless some

significant objection is raised.  As one state court, cited in Wright & Miller, put it, "So long as a

plaintiff may select his own doctor to testify as to his physical condition, fundamental fairness

dictates that a defendant shall have the same right."  Timpte v. Dist. Court of Denver, 421 P.2d

728, 729 (Colo. 1966), cited in Wright & Miller §2234.2, at 485.  Here, defendants have selected

a psychiatrist who appears eminently qualified to conduct an examination, and plaintiff has

established no reason to believe that the proposed examiner's independence is compromised by

any contact with defense counsel (who represents to the Court that no improper contact has

occurred), or in any other manner.  (Joint Discovery Letter at 2-3.)

Plaintiff is entitled to discovery about the proposed expert's prior expert testimony, any

prior affiliation with defendants or defense counsel, fee arrangements, and other matters that

might be the subject of cross-examination.  However, in the interests of efficient judicial

administration, such discovery is appropriate with the disclosure of the expert's report and during

any deposition that might be demanded by plaintiff of the examiner in connection with his

proposed testimony.  Such discovery is not a condition precedent to an examination, at least

absent a substantial showing by plaintiff of a reasonable basis that some extreme bias should

preclude the examiner from being selected in the first place.  In the ordinary course, a party's

protection against a biased examination is cross-examination and exposure of bias at trial.  If

defendants have made the mistake of selecting an examiner who is so easily discredited, that is to

plaintiff's ultimate advantage.  At any rate, no showing has been made in this case that would

justify the Court's interference with the defendants' choice of an examiner, or in requiring extraordinary discovery before approving that choice.

(2)  Plaintiff demands that her attorney be present at the examination.  While it is within the Court's discretion to set the conditions for the examination, the great weight of authority in this Circuit requires a showing of special circumstances before a court will order that counsel be present at a Rule 35 examination.  See, e.g., DiBari v. Incaica Cia Armadora, S.A., 126 F.R.D. 12, 13 (E.D.N.Y. 1989) (denying plaintiff's request to have his attorney present during a Rule 35 psychiatric exam).  "[T]he norm in federal court is that counsel will not be allowed to attend unless good cause is presented to justify that."  8A Wright & Miller § 2236, at 501.  That is because "the presence of, and possible interference by, an attorney or other representative of the examined party might disrupt, or defeat the purpose of, the examination.  This concern may be heightened during a psychiatric examination."  Id. at 497-98.  Plaintiff has made no showing of good cause here.  Indeed, since defendants have agreed to plaintiff's request that the examination be tape-recorded, any concern that might warrant counsel's presence is less, rather than greater, than normal.

(3)  Plaintiff seeks to have defendants bear the costs of airfare and hotel accommodations for her appearance in New York to undergo the examination.  The Court has already ordered defendants to pay $256, the cost of round-trip airfare from Chicago at the time the order was entered, implicitly denying plaintiff's request that hotel expenses also be borne by defendants. See Salemi v. Boccador, Inc., No. 02 Civ. 6648, slip op. at 2 (S.D.N.Y. Feb. 22, 2005).  "Usually plaintiff will be required to come to the place where he or she filed suit for the examination . . . . The party being examined must pay his or her own expenses for coming to the examination and

bear the loss of time thus caused." 8A Wright & Miller § 2234, at 476-77. Where the plaintiff is indigent, courts have discretion to shift some or all of this expense, for good cause shown. In this case, the Court did so because plaintiff is impecunious, the expense was modest, and defendants failed to comply with plaintiff's request that the medical examination be scheduled at the same time as plaintiff's prior trip to New York for her deposition. Salemi, slip op. at 2. That Order represented an appropriate accommodation of the parties' interests. The Court declined at that time, and continues to decline, to order defendants to pay for a hotel. Although plaintiff's actual cost of airfare was higher than that ordered by the Court to be paid by defendants, plaintiff does not dispute defendants' contention that the higher fare is the result of plaintiff's failure to book a flight promptly. (Joint Discovery Dispute Letter at 7.) The Court thus declines to modify its prior Order.

For the reasons stated, plaintiff's requests are denied.


SO ORDERED.

Dated: New York, New York
      April 18, 2005

                                           GERARD E. LYNCH
                                  United States District Judge